Barry S. Pollack (BP 4039)
Mary Cecilia Sweeney (MS 6047)
SULLIVAN & WORCESTER LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 660-3000

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

ALGONQUIN CAPITAL MANAGEMENT,
LLC, a Connecticut Limited Liability Company,

             Plaintiff,

vs.

JOSEPH MACEDA,

             Defendant.

JUDGE CASTEL

Civil Action No. 07 CV 7522

COMPLAINT



**COMPLAINT AND JURY DEMAND**

Plaintiff Algonquin Capital Management, LLC ("Algonquin") hereby alleges and complains of the Defendant Joseph Maceda (the "Defendant") as follows:

**I.**

**PRELIMINARY STATEMENT**

1. This is an action on an unconditional personal guaranty. Defendant unconditionally and personally guaranteed a loan of $500,000 dollars that was made to his company, the Ocean Power Corporation ("Ocean Power"). The deadlines for repayment of the loans were repeatedly extended at the request of the Defendant and his company, but repayment never occurred. Ocean Power eventually filed for bankruptcy. None of the $500,000 loan has been repaid from the bankruptcy estate proceeds. Defendant remains liable to Algonquin, the

current holder of the $500,000 Promissory Note and Guaranty (the "500k Note & Guaranty") for all outstanding debt and obligation thereunder, which Defendant guaranteed in his individual capacity.

## II.

## PARTIES

2.  Algonquin Capital Management, LLC ("Algonquin") is a Connecticut limited liability company with its primary place of business at 440 Main Street, Ridgefield, CT 06877. Algonquin is the assignee and current holder of the 500k Note & Guaranty.

3.  Defendant Joseph Maceda is an individual residing at 939 Union St. Apt. 1A, Brooklyn, New York 11215-1687.

## III.

## JURISDICTION & VENUE

4.  This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is diversity of citizenship between the parties.

5.  This Court has personal jurisdiction over Defendant under the terms of the 500k Note & Guaranty at issue in this case, pursuant to which Defendant consented to submit to the jurisdiction of any federal court sitting in Manhattan in the State of New York.

6.  Venue is proper pursuant to 28 U.S.C. §1391(a)(2) because a substantial part of

the events or omissions giving rise to the claim occurred in this District and pursuant to 28 U.S.C. §1391(a)(3) because Defendant consented by contract to the jurisdiction and venue of this Court.

## IV.
## BACKGROUND FACTS

7. In 2001, Ocean Power borrowed $500,000 pursuant to a promissory note which the Defendant personally guaranteed the 500k Note & Guaranty. The accrued unpaid interest on the 500k Note & Guaranty was due on September 5, 2001, and again on December 5, 2001, with a final payment for all unpaid principal and remaining accrued unpaid interest due on March 5, 2002.

8. As of September 25, 2002, despite repeated extensions of the original payment deadlines, Ocean Power had not made a single payment of outstanding principal or accrued interest under the 500k Note & Guaranty. Moreover, Ocean Power had indicated that no payment would be forthcoming.

9. Accordingly, on or about September 25, 2002, Ocean Power was served with a notice of its default, which among other things, placed the Defendant, who was then President of Ocean Power, on notice that repayment was being demanded and all rights and remedies would be pursued in connection therewith.

10. On or about December 1, 2002, Ocean Power filed for bankruptcy. At the time of the bankruptcy filing, the entire $500,000 amount, plus accrued interest, remained unpaid. None of this debt has been recovered in the distribution of the bankruptcy estate proceeds.

11.     No payment has ever been made by Ocean Power or the Defendant on the 500k Note & Guaranty.

## V.

## COUNT ONE- BREACH OF CONTRACT

12.     Algonquin repeats and realleges the allegations of Paragraphs 1 through 11 as though fully set forth herein.

13.     Defendant signed and executed a binding written contract to personally guarantee loans made to his company Ocean Power, in a principal amount of $500,000 to the full extent of Ocean Power's obligations thereunder, including interest, attorneys' fees and costs of collection. Algonquin is a beneficiary of that contract; the 500k Note & Guaranty expressly provides for "subsequent holders".

14.     Ocean Power has plainly defaulted on this loan and Defendant's subsequent failure to make payment under the 500k Note & Guaranty constitutes a breach of contract.

15.     As a result of said breach, Algonquin has suffered damages in an amount to be determined at trial, for which the Defendant is liable.

## COUNT TWO- BREACH OF GUARANTY

16.     Algonquin repeats and realleges the allegations of Paragraphs 1 through 15 as though fully set forth herein.

17.     Defendant signed and executed a personal guaranty for a loan made to his company Ocean Power, in a principal amount of $500,000 and is liable for the full extent of Ocean Power's obligations thereunder, including interest, attorneys' fees and costs of collection.

18. Ocean Power has defaulted on these loans. Defendant's subsequent failure to repay the 500k Note & Guaranty constitutes a breach of guaranty.

19. As a result of said breach, Algonquin has suffered damages in an amount to be determined at trial, for which the Defendant is liable.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff Algonquin Capital Management, LLC respectfully prays that this Court grant its request for a jury trial and enter judgment in its favor and against Defendant as follows:

1. Award damages in an amount to be determined at trial;

2. Award all outstanding principal, accrued interest, costs of collection, attorneys' fees, court costs, and other costs as provided for under the 500k Note & Guaranty; and

3. Award such further and additional relief as the Court deems just and proper.

New York, New York
Dated:  August 24, 2007

Respectfully submitted,

SULLIVAN & WORCESTER, LLP

By: _____
Barry S. Pollack (BP 4039)
Mary Cecilia Sweeney (MS 6047)
1290 Avenue of the Americas
New York, New York 10104
(212) 660-3000

Attorneys for Plaintiff